CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 JAN -6 AM 8:40
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v. § | CASE NO: 1:08-CR-00045-P-BL-1 |
| § § § | |
| FERNANDO GONZALEZ § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated October 20, 2015 (Doc. 94), addressing the motion to revoke **FERNANDO GONZALEZ**'s term of supervised release.

## I.    PROCEDURAL BACKGROUND

### A.    Original Conviction

On October 30, 2008, **FERNANDO GONZALEZ** (hereafter "Defendant") pleaded guilty to Count One of a superseding information charging Possession with Intent to Distribute 50 Kilograms or More of Marijuana, 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2, Aiding and Abetting (Doc. 57). On February 13, 2009, Defendant was sentenced to 60 months custody, to be followed by a 3-year term of supervised release (Doc. 74.) Supervision commenced on December 6, 2011 (Doc. 82).

On May 25, 2012, Defendant's supervised release was revoked and he was sentenced to a term of incarceration of 6 months, to be followed by a term of supervised release of 30 months (Doc. 89). Supervised release commenced on November 14, 2012 (Doc. 90).

1

On May 2, 2013, a Petition for Offender under Supervision was filed by the United States Probation Office (Doc. 90), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The District Judge ordered the issuance of a warrant on the same date (*id.*).

On October 8, 2015, Defendant was arrested in the Western District of Texas, El Paso Division.

On January 1, 2015, jurisdiction was transferred from Senior U.S. District Judge Sam R. Cummings to Chief U.S. District Judge Jorge A. Solis, with a docket entry reflecting same on October 20, 2015.

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated October 16, 2015 (Doc. 93), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 90), executed May 2, 2013, discussed above.

Following Defendant's arrest in El Paso, he appeared before a magistrate judge in the Western District of Texas on September 2, 2015, for an initial appearance (Doc. 92, p. 10). A detention hearing and identity hearing were scheduled for September 8, 2015. Defendant waived his right to an identity hearing but requested the detention hearing be held in the Western District. Subsequently, the court entered a Detention Order Pending Trial and directed that Defendant be transported to the Northern District of Texas (*id.*). Upon arrival in the Northern District, a preliminary revocation hearing was set for December 1, 2015 (Doc. 99), but was terminated upon oral waiver of probable cause by defense counsel, Jacob Blizzard (Doc. 102). An Order of

Detention and Finding Probable Cause was entered by the magistrate judge on December 1, 2015 (Doc. 102).

### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of his supervised release, specifically[1]:

**Violation of Mandatory Condition**

The defendant shall not illegally possess a controlled substance.

**Violation of Mandatory Condition**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Additional Condition No. 2**

The defendant shall abstain from the use of alcohol and all other intoxicants during the term of supervision.

**Nature of Noncompliance**

Fernando Gonzalez violated these conditions of supervised release by using and/or possessing cocaine, an illegal controlled substance, in or about March 2013. On April 23, 2013, Mr. Gonzalez admitted, both verbally and in writing, to U.S. Probation Officer Irma G. Acosta (USPO Acosta), Western District of Texas, El Paso Division, that he used cocaine. Further, Mr. Gonzalez admitted verbally to USPO Acosta that he drank alcohol on multiple occasions since being on supervision.

Mr. Gonzalez also admitted that he intentionally drank large amounts of water to dilute his urine in an attempt to mask his drug and alcohol use. He submitted diluted urine specimens on November 28 and 29, and December 11, 2012; and January 18, February 14 and 27, and March 1, 12, and 18, 2013.

---

[1] Alleged violations taken from Petition for Offender under Supervision dated May 2, 2013.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on December 14, 2015, before the magistrate judge. Defendant was represented by Jacob Blizzard; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath. The undersigned read the allegations contained in the Government's Motion to Revoke, after which Defendant indicated that he understood the allegations. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. The undersigned also informed Defendant that the presiding District Judge was not obligated to impose the sentence recommended by the magistrate judge. Defendant acknowledged his understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; Standard Condition No. 7 and Additional Condition No. 2.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc.104). Defendant testified that during the two year period between the violations and the present, he was living with family and moved two times. At some point, he stopped checking in with his probation officer. He realized he had "messed up," but had started a new business with his wife and was concentrating on "getting it going." Defendant testified that he planned to turn himself in, but kept "lying to himself, saying he would next month." He testified the business was

now in jeopardy, that he had equipment "down" and couldn't afford to fix it, and that he was behind on the rent and had been notified by the landlord that he must pay or move. Defendant went on to say that if he were released, he could return to El Paso and sell some restaurant equipment to catch up on the rent. In addition, Defendant testified that he suffered from a hernia "or worse" and that he was not receiving treatment, and that his wife's 21-year old son had recently been shot and killed. For these reasons, he asked that the Court consider the option of less prison time and more halfway house or home confinement, so that he might help with the business and his grieving wife.

Defense Counsel echoed the sentiments of Defendant and requested consideration for a sentence at the low end of the guideline range. The attorney for the government noted that this was Defendant's second revocation proceeding, and contended that he had known about the warrant but failed to take care of it within the two years prior to his arrest.

## II. FINDINGS OF THE COURT

   i. The Defendant pled true to the allegations that he violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; Standard Condition No. 7 and Additional Condition No. 2.;

   ii. The Defendant was competent to make the decision to plead true to the allegations;

   iii. The Defendant had both a factual and rational understanding of the proceedings against him;

    iv.    The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea;

    v.    The Defendant was sane and mentally competent to stand trial for these proceedings and to assist his attorney in the preparation and conduct of his defense;

    vi.    The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to him, had adequate opportunity to discuss the charges against him with his attorney, and ultimately understood the charges alleged against him;

    vii.    A preliminary revocation hearing was terminated based upon the waiver of Defendant to contest probable cause as to the alleged violations. An Order of Detention and Finding Probable Cause was subsequently entered by the magistrate judge;

    viii.    At the final revocation hearing, Defendant understood all of his statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

    ix.    The Defendant violated conditions of his supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

    i.    The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

    ii.    The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

B. **STATUTORY AND GUIDELINE PROVISIONS**

The classification of Defendant's underlying criminal offense results in a two-year statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of five to eleven months imprisonment, based upon Defendant's criminal history category of III and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance. *See* 18 U.S.C. § 3583(g)(1).[3]

---

U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests (and attempted to mask his drug use by diluting multiple samples), his primary violation is of admittedly using and possessing a controlled substance.

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); *see also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). In *U.S. v. Vera*, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation. Accordingly, Defendant is subject to a term of supervised release of at least thirty (30) months (3 years minus 6 months from prior revocation) up to life, less any term of imprisonment imposed upon revocation of his current supervised release.

### IV.     ANALYSIS AND RECOMMENDATION

Defendant began his second term of supervised release in November 2012 in the Western District of Texas, El Paso Division. Upon release from custody, Defendant moved in with a friend and was able to find employment. He was referred to drug aftercare as a condition of his supervision, but was admonished in January 2013 for consuming alcohol in violation of his conditions. Additionally, he submitted urine specimens which proved to be diluted, resulting in the requirement that he wear a sweat patch for monitoring the use of illegal substances.

In April 2013, Defendant's sweat patch yielded a positive result for cocaine. When he was confronted by his probation officer, Defendant admitted he had used alcohol and cocaine. Upon being advised that his illegal drug use would be reported to the Court, Defendant discontinued

reporting to the U.S. Probation Office in April 2013, and his whereabouts were unknown until his arrest in August 2015.

Based on Defendant's continued drug use while on supervision, and the fact that his whereabouts were unknown for over two years after issuance of a warrant, it appears a term of incarceration above the high end of the policy statement is appropriate in this case. **The recommendation of this Court is an 18 month term of imprisonment.**

Should the District Judge concur with the recommended custodial sentence, Defendant faces a term of supervised release of at least 3 years (minus the prior revocation sentence of 6 months) up to life, minus any sentence imposed upon revocation, resulting in exposure to 12 months up to life of supervised release. **It does not appear that Defendant would benefit from an additional term of supervised release, and such is not recommended.**

## V.   CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i.   that Defendant be found to have violated the conditions of his supervised release as set forth in Section I.B(2) above, specifically: the Mandatory Condition that Defendant not illegally possess a controlled substance; the Mandatory Condition that Defendant refrain from any unlawful use of a controlled substance, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer; Standard Condition No. 7 and Additional Condition No. 2.;

ii.   that his supervised release be REVOKED;

iii.   that he be SENTENCED to the custody of the Attorney General for a period of eighteen (18) months; and

iv.   that no additional term of supervised release be imposed.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 6th day of January, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE